ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 1 8 2008

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| Plaintiff, | : | Civil Action No.:_____ |
|  | : | ECF |
| v. | : | **808 CV - 68 3 - B** |
| **DON L. LAMBERT,** | : | |
| Defendants. | : | |
|  | : | |

### COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows against Defendant Don L. Lambert ("Lambert"):

### SUMMARY OF ALLEGATIONS

1.    In multiple Commission filings by Energytec, Inc. ("Energytec"), a Commission-reporting company based in Plano, Texas, Defendant Lambert misrepresented and omitted material facts about his background and experience while serving as an Energytec executive officer.

2.    Energytec Commission filings purported to disclose Lambert's employment history for "over five years" prior to his joining Energytec in 2002, stating that he had been self-employed by an oil-and-gas consulting and financial-advisory firm and that he received a J.D. in this period.  In fact, the oil-and-gas consulting and financial-advisory firm did not exist until 2000. Moreover, the filings omitted to disclose that, during the same period, he was employed as a lawyer and that he surrendered his law-license in 1994 in a state-bar disciplinary proceeding.

Likewise, they omitted Lambert's securities-related felony conviction, his incarceration and supervised release for this crime, and his multiple bankruptcies, all of which occurred during the same period.

3.      Lambert started working for Energytec in 2002, became its president in 2005, and became its CEO in 2006. He drafted, reviewed, or approved his biographical information in the Commission filings that form the basis of this complaint. Additionally, as CEO of Energytec, he certified that the Form 10-K for the period ended December 31, 2005, did not contain untrue or misleading statements of fact despite the fact that he knew that his biographical information omitted and misrepresented material information about his background.

4.      By committing the acts alleged in this Complaint, Lambert directly and indirectly violated, and unless restrained and enjoined by the Court will continue to violate Sections 10(b) and 13(a) of the Exchange Act [15 U.S.C. §§ 78j(b) and 78m(a)] and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-14 thereunder [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-14].

5.      The Commission seeks judgment from the Court: (a) enjoining Lambert from future such violations; (b) requiring him to pay a $50,000 civil monetary penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and (c) permanently barring him from acting as an officer or director of any reporting company pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 77u(d)(2)].

## JURISDICTION AND VENUE

6.      The Court has jurisdiction of this civil enforcement action pursuant to Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa]. Lambert made use of the means or instruments of interstate commerce, of the mails, or of the facilities of a national

securities exchange in connection with the acts, transactions, practices, and courses of business alleged in this Complaint.

7.      Venue lies in the Northern District of Texas pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa] because Lambert resides in this District in Terrell, Kaufman County, Texas.

## THE PARTIES

8.      The plaintiff is the Securities and Exchange Commission, which brings this civil enforcement action pursuant to the authority conferred on it by Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and (e)].

9.      Defendant Lambert, age 61, lives in Terrell, Texas.  He became Energytec's president in 2005 and its CEO in 2006, serving in both capacities until his resignation on January 31, 2008. He held a Texas law license from 1973 to 1994.

## FACTS

### Background:  Lambert's Multiple Bankruptcies and His Disciplinary History

10.     Lambert has filed personal bankruptcy four times and has a significant disciplinary history.  He filed bankruptcy in Georgia in 1985 and in Texas in 1998, 2000, and 2001.  In 1993, the State Bar of Texas filed a disbarment action against him.  In April 1994, he surrendered his law license to settle the bar proceeding.  In an unrelated matter, on June 4, 1994, he was indicted on federal charges in the Southern District of Ohio for his role in a fraudulent securities offering. Lambert pleaded guilty to three counts of tax evasion and one count of fraud in that case and was sentenced in 1995 to 23 months in prison, followed by 36 months of supervised parole.

### Lambert's Misleading Statements and Omissions in Energytec Filings

11.     On May 2, 2005, Energytec registered its common stock with the Commission on Form 10, which became effective by operation of law on July 1, 2005.  By virtue of this registration,

Energytec became obligated to file periodic and other reports with the Commission. The Form 10 listed Lambert as Energytec's "Executive Vice President and Chief Operating Officer" and stated that "[f]or over five years prior [to joining Energytec in 2002] he was self-employed through American Energy Development Associates, an oil and gas consulting and financial advisory firm in Dallas, Texas." It further said that Lambert earned "a JD from the University of Houston Law Center (1973)." Energytec included the same biographical information in three amendments to the Form 10 (filed on June 24, 2005, September 19, 2005, and November 18, 2005). On March 20, 2006, Energytec filed a current report on Form 8-K, announcing that Lambert had become its CEO, and, on July 21, 2006, it filed an annual report on Form 10-K for the year ending December 31, 2005. These reports contained substantially the same Lambert biographical disclosure that appeared in the Form 10. Lambert reviewed the Form 10 and signed the 8-K and 10-K before filing. In his capacity as CEO, he also certified the truthfulness of the statements in the Form 10-K.

12.     These filings omitted material information about Lambert's background necessary in order to make the statements made about his background not misleading. On the one hand, they purported to disclose Lambert's employment history for "over five years" prior to joining Energytec, stating that he had received a JD in 1973. But they omitted to disclose that, during the same period, he was employed as a lawyer and that he surrendered his law-license in 1994 in a state-bar disciplinary proceeding. Likewise, they omitted his securities-related felony conviction, his incarceration and supervised release for this crime, and his multiple bankruptcies, all of which occurred during the same period. As a result of these omissions, the statements actually made about Lambert's background were rendered misleading.

13.     The filings also misrepresented Lambert's employment history. He was not employed by

American Energy Development Associates for over five years before joining Energytec in 2002. In fact, American Energy Development Associates did not exist until 2000, when Lambert began doing business under that name.

## FIRST CLAIM

### (Violations of Exchange Act Section 10(b) and Rule 10b-5)

14.     The Commission realleges paragraphs 1 through 13.

15.     Section 10(b) and Rule 10b-5 of the Exchange Act [15 U.S.C. § 78j (b) and 17 C.F.R. § 240.10b-5] provide that it is unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:  (a) to employ any device, scheme, or artifice to defraud, (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in connection with the purchase or sale of any security.

16.     As a result of the foregoing, Lambert violated, and unless restrained and enjoined will continue to violate, Section 10(b) and Rule 10b-5 of the Exchange Act [15 U.S.C. § 78j (b) and 17 C.F.R. § 240.10b-5].

## SECOND CLAIM

### (Aiding and Abetting the Violations of Exchange Act Section 13(a) and Rules 12b-20, 13a-1, and 13a-11 thereunder)

17.     The Commission realleges paragraphs 1 through 16.

18.     Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1, and 13a-11 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-11], provide that  issuers of

Exchange Act registered securities must file with the Commission annual reports (Form 10-K), current reports (Form 8-K), and registration statements (Form 10) that, among other things, do not contain untrue statements of material fact or omit to state material information necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading. Form 10-K, Item 10 requires disclosure of any bankruptcy filing by a director or executive officer within the previous five years pursuant to Exchange Act Regulation S-K, Item 401(f)(1) [17 C.F.R. § 229.401(f)(1)].

19. As a result of the foregoing, Energytec violated Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1, and 13a-11 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-11].

20. As a result of the foregoing, Lambert aided and abetted Energytec's violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1, and 13a-11 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-11] and, unless restrained and enjoined, will continue to aid and abet such violations.

### (Violations of Exchange Act Rule 13a-14)

21. The Commission realleges paragraphs 1 though 20.

22. Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] requires, among other things, that the principal executive officer of issuers of Exchange Act registered securities (such as Energytec) must sign a certification that the filed annual report (Form 10-K) does not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances in which such statements were made, not misleading.

23.     As a result of the foregoing, Lambert violated Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

### I.

Permanently enjoin Lambert from violating Sections 10(b) and Rules 10b-5 and 13a-14 of the Exchange Act [15 U.S.C. § 78j(b) and 17 C.F.R §§ 240.10b-5 and 240.13a-14] and from aiding and abetting violations of Section 13(a) and Rules 12b-20, 13a-1, and 13a-11 of the Exchange Act [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-11];

### II.

Order Lambert to pay a civil monetary penalty in the amount of $50,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

### III.

Permanently bar Lambert from acting as an officer or director of any reporting company pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)]; and

### IV.

Grant such equitable relief as may be appropriate or necessary for the benefit of investors pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)].

Dated:  April 18, 2008

Respectfully submitted,

*Timothy S. McCole*

TIMOTHY S. McCOLE
Mississippi Bar No. 10628
Attorney in Charge
JOHN K. POPHAM, of Counsel
Texas Bar No. 16139205

SECURITIES AND EXCHANGE
COMMISSION
801 Cherry Street, 19th Floor
Fort Worth, TX 76102
E-mail: McColeT@SEC.gov
Phone: (817) 978-6453
Fax: (817) 978-4927
Attorneys for Plaintiff

# ORIGINAL
# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

**U.S. SECURITIES AND EXCHANGE COMMISSION**

## DEFENDANTS

**DON L. LAMBERT**

**RECEIVED**
**APR 18 2008**
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:  Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEY (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Timothy McCole, Esq.
Securities & Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
(817) 978-6453

ATTORNEYS (IF KNOWN)

Michael P. Gibson
Burleson, Pate & Gibson, L.L.P.
2414 N. Akard, Suite 700
Dallas, TX 75201
Telephone: 214-871-4900

**3 08 CV - 683 - B**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | PTF | | PTF | PTF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copy rights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395FF) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (Specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

## CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Sections 10(b) and 13(a) of the Exchange Act [15 U.S.C. §§ 78j(b) and 78m(a)] and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-14 thereunder [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-14]

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND ☐ YES  ☒ NO

## VIII. RELATED CASE(S) (See Instructions): IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE
April 18, 2008

SIGNATURE OF ATTORNEY OF RECORD
Timothy S McCole

FOR OFFICE USE ONLY
Receipt # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____