UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 3:08-CV-0683-B |
| § | |
| DON L. LAMBERT, § § | |
| Defendant. § | |

## AGREED FINAL JUDGMENT

The Securities and Exchange Commission having filed a Complaint and Defendant Don L. Lambert ("Lambert" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14], by

using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; or

    (d)    to sign any certification attesting to the truthfulness or correctness of any report required to be so certified with knowledge that the report is not truthful or correct in all material respects.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Section 13(a) of the Exchange Act, [15 U.S.C. § 78m(a)], and Commission Rules 12b-20, 13a-1, and 13a-11 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13-11] by

    (a)    failing to file with the Commission

        (1)    such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included

        in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], and

    (2)    such annual reports, certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly and current reports, as the Commission may prescribe;

(b)    failing to add such further material information, if any, as may be necessary to make required statements, in the light of the circumstances under which they are made not misleading, to that information expressly required to be included in a statement or report;

(c)    failing to file in a timely fashion with the Commission annual reports on the appropriate form authorized or prescribed for each fiscal year; and

(d)    failing to file in a timely fashion current reports, as required by Commission Rule 13a-11 [17 C.F.R. § 240.13a-11].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $50,000.00 pursuant to Section 21(d)(3)(B)(ii) of the Exchange Act.

Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Don L. Lambert as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VI.

It Is Further Ordered, Adjudged, And Decreed that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

It Is Further Ordered, Adjudged, And Decreed that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

SO ORDERED.

SIGNED: April 29, 2008

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE